**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GUADALUPE LOPEZ CRUZ,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )     **Case No. CIV-26-806-R** |
| | ) |
| **TODD BLANCHE, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner Guadalupe Lopez Cruz, a noncitizen[1] and Mexican national proceeding

with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging

under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement

("ICE"). United States District Judge David L. Russell referred this matter to the

undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3.

The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue.

For the reasons set forth below, the undersigned recommends that the Court deny the

Petition, Doc. 1.

I.     <u>**Background**</u>

Petitioner, a citizen of Mexico, was admitted to the United States on April 21, 2021,

near Brownsville, Texas, on an H2A Temporary Agricultural Worker visa after being

recruited by a company in Mexico. Pet. at 1; Resp. at 10. Petitioner's visa expired on

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

June 25, 2021, but he remained in the United States without authorization past that date. Pet. at 1; Resp. at 10; Doc. 11-2 at 1 (Notice to Appear). On May 15, 2024, ICE encountered Petitioner following his arrest by the Oklahoma Highway Patrol for Aggravated Driving Under the Influence of Alcohol. Pet. at 1; Resp. at 10. On May 17, 2024, ICE served Petitioner with a warrant for arrest and placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear. Pet. at 1; Resp. at 10; Doc. 11-2 at 1. Petitioner was charged with being deportable under 8 U.S.C. § 1227(a)(1)(B) as someone who remained in the United States for a time longer than permitted. Doc. 11-2 at 1.

At some later point, Petitioner was released from ICE custody. Pet. at 1-2; Resp. at 10. Petitioner alleges he complied with all conditions of his release. Pet. at 2. On August 19, 2024, he entered a plea of no contest to five charges in the District Court of Tulsa County, including a felony charge for Aggravated Driving Under the Influence. Resp. at 10-11; Doc. 11-3 (Petitioner's Criminal Plea). Petitioner alleges he filed a T-Visa application and a Spousal Family-based petition, and his removal proceedings remain pending. Pet. at 2; Resp. at 11.

On November 12, 2025, ICE re-detained Petitioner in Oklahoma City while attending a scheduled check-in. Pet. at 2; Resp. at 11. Petitioner alleges he was not given an explanation for the revocation of his release. Pet. at 2. On April 30, 2026, an immigration judge ("IJ") denied Petitioner's request for bond at a custody redetermination hearing after finding Petitioner failed to establish he was not a danger to the community. Resp. at 11; Doc. 11-5 at 1 (IJ Order).

2

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.  Pet. at 4.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited June 25, 2026).

## II.    Petitioner's Claims

Petitioner asserts two counts in his Petition.

- **Count I: Violation of Due Process**.  Petitioner alleges his re-detention violates his right to due process where he had previously been released from custody and was re-detained without any legitimate basis.  Pet. at 6-7.

- **Count II: Violation of ICE Regulations.**  Petitioner alleges his re-detention absent materially changed circumstances violates 8 C.F.R. § 236.1(c).  Pet. at 7.  Specifically, he alleges once ICE "has exercised [its] discretion to release a [noncitizen] on bond, it may not re-detain the individual without a legitimate and materially changed custody basis." *Id.* at 5.

He asks the Court to "issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately." *Id*. at 7 (citation modified).  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").  *Id.* [2]

## III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through

---

[2] To the extent Petitioner requests EAJA fees and costs, he must seek those separately after a final judgment if he is a prevailing party.  28 U.S.C. § 2412(d)(1)(B).  Thus, the Court need not address this request at this juncture.

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.   Analysis

### A.   Petitioner's detention is governed by § 1226(a).

The parties do not dispute Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See* Pet. at 5 (alleging Petitioner's re-detention is under § 1226(a)); Resp. at 10 (confirming Petitioner's detention is not under § 1225(b)(2)(A) or § 1231). Further, courts, including this Court, have consistently held § 1226(a) applies to those noncitizens like Petitioner whom ICE encounters in the country and not at the border. *See, e.g., Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025) (holding § 1226(a) applies to noncitizens found within the United States and not at the border); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 499 (5th Cir. 2026) (holding § 1225(b)(2)(A) applies to noncitizens found in the country but noting § 1226(a) would apply to noncitizens "who overstay or violate the terms of their visas").

### B.   Due process entitles Petitioner to a bond hearing.

Petitioner alleges that his re-detention violates his right to due process where he had previously been released from custody and was re-detained without any legitimate basis. Pet. at 6-7. The undersigned concludes that because § 1226(a) applies to Petitioner's detention, he is owed the due process provided to him under the statute. When "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025).

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. It applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. However, the undersigned disagrees with Respondents that the proper test to determine whether Petitioner's due process has been violated comes from *Zadvydas*, *see* Resp. at 17-20, because *Zadvydas* related to noncitizens with final orders of removal detained pursuant to 8 U.S.C. § 1231. *See* Resp. at 17 (citing *Zadvydas* and acknowledging the holding applied to noncitizens detained under § 1231). Rather, in the civil immigration detention context, courts consistently apply the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to evaluate the process owed a noncitizen. *See, e.g., Hernandez-Lara v. Lyons*, 10 F.4th 19, 27-39 (1st Cir. 2021) (applying *Mathews* to due process challenges to prolonged detention under § 1226(a)); *Velasco Lopez v. Decker*, 978 F.3d 842, 851-55 (2d Cir. 2020) (same); *see also Merchan-Pacheo v. Noem*, No. 25-CV-03860, 2026 WL 88526, at *4-6 (D. Colo. Jan. 12, 2026) (concluding the Supreme Court "created a framework that *permits* Petitioner's release" and "in no way suggests that the court should decline to consider the *Mathews* factors").

The *Mathews* test includes three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the

fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. All three factors weigh in Petitioner's favor.

First, Petitioner has a strong liberty interest in being free from physical detention. This is "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). Because freedom from restraint is "at the core of the liberty interest protected by the Due Process Clause, commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (citation modified). "Congress may make rules as to aliens that would be unacceptable if applied to citizens," *Demore v. Kim*, 538 U.S. 510, 522 (2003), but that power remains subject to "important constitutional limitations," *Zadvydas*, 533 U.S. at 695. It does not eliminate Petitioner's significant interest in being free from detention. *See, e.g., Diaz v. Noem*, No. 26-CV-00782, 2026 WL 733587, at *3 (D. Colo. Mar. 16, 2026) (concluding the first *Mathews* factors supports finding a due process violation where petitioner "is being held in a detention facility that strongly resembles penal confinement, is away from his family, and is unable to maintain his employment" (citation modified)).

Second, the risk of erroneous deprivation is high here, considering Respondents' current position to afford him no bond hearing. *See, e.g., Montero Cordova v. Noem*, No. 26-CV-00526, 2026 WL 867689, at *9 (D.N.M. Mar. 30, 2026) (finding the second *Mathews* factor favors petitioner because "the risk of erroneous deprivation will remain high" "without the opportunity to have the hearing to which Petitioner is entitled" under § 1226(a) and noting "a bond hearing before a neutral immigration judge will provide

6

immense value as an additional safeguard" (citation modified)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest.").

Finally, the Court must consider the government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. While "control over matters of immigration is a sovereign prerogative" and the "government's interest in efficient administration of immigration laws at the border is weighty," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982) (citation modified), such interests in detaining Petitioner without procedural safeguards do not outweigh his liberty interest or risk of erroneous deprivation. *See Montero Cordova*, 2026 WL 867689, at *10 (finding though "the Government's interest in enforcing its immigration policies must be afforded considerable weight," the third factor favors petitioner because "the fiscal and administrative burdens of providing a bond hearing under § 1226(a) are minimal and do not provide adequate justification for foregoing the hearing entirely"); *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 943 (D. Colo. 2025) (comparing the "quite limited" harm to government, "because the administrative burden of a bond hearing is minimal," to the "sizeable harm posed to [petitioner] by continued—and potentially unnecessary—detention" (citation modified)). Further, the fact Petitioner had been living in the United States for more than four years when he was re-detained also weighs in his favor. *See Ekenge v. Baltazar*, No. 26-CV-00630, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026) (finding the government's interest "not substantial" where petitioner was re-detained after being released and "any costs are

far outweighed by the risk of erroneous deprivation of the liberty interest at issue" (citation modified)).

Bond hearings "are a significant procedural safeguard to balance the Government's interest in immigration enforcement against individual liberties." *Singh v. Bondi*, No. 26-CV-0125, 2026 WL 690013, at *6 (W.D. Tex. Mar. 6, 2026).  Petitioner's continued detention without a bond hearing violates his due process liberty interests, and he is entitled to a prompt bond hearing under § 1226(a) before an IJ.

### C.    Petitioner's re-detention violates ICE regulations.

Petitioner also alleges his re-detention absent materially changed circumstances violates 8 C.F.R. § 236.1(c).  Pet. at 7.  Section 236.1(c)(9) gives immigration officials broad discretion to revoke bond or conditional parole "at any time."   After an authorized official exercises discretion to revoke the bond or parole granted under 8 U.S.C. § 1226(a), the noncitizen is to be rearrested under the original warrant.  *See id.* § 1226(b) ("The [Secretary of Homeland Security] at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien.").  Officials authorized to revoke a noncitizen's release are "the district director, acting district director, deputy district director, assistance district director for investigations, assistant district director for detention and deportation, or officer in charge."  8 C.F.R. § 236.1(c)(9).

As an initial matter, the Court has jurisdiction to determine whether Petitioner's re-detention violates § 236.1(c).  Though 8 U.S.C. § 1226(e) prohibits judicial review of the Attorney General's discretionary judgment regarding the application of § 1226, Petitioner is not challenging a discretionary determination of the Attorney General.  Rather, Petitioner

is challenging the nondiscretionary procedures Respondents must use to revoke Petitioner's previous release under § 1226. Accordingly, the Court has jurisdiction to review Petitioner's claim. *See Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (stating § 1226(e) does not preclude challenges to the statutory framework relating to Petitioner's detention); *accord Mukantagara v. Noem*, 164 F.4th 765, 771-72 (10th Cir. 2026) (concluding § 1252(a)(2)(B)(ii), which also bars judicial review of discretionary decisions of the Attorney General, does not prohibit a court's review of a "nondiscretionary first step" about an eligibility determination that must precede a discretionary decision).

No evidence in the record indicates any authorized ICE official chose to exercise their discretion to cancel Petitioner's Order of Release.[3] That alone is sufficient to find the proper procedures were not followed in effectuating Petitioner's detention. *See Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1099500, at *3 (W.D. Okla. Apr. 22, 2026) ("No evidence in the record indicates that any *authorized* official chose to exercise their discretion to revoke Petitioner's release on bond. That alone is sufficient to find that proper procedures were not followed in effectuating Petitioner's detention." (emphasis in original)) (R&R), *adopted*, No. CIV-26-289-R, 2026 WL 1483557, at *2 (W.D. Okla. May 27, 2026) (adopting the R&R because Respondents waived de novo review of this issue but agreeing with the Magistrate Judge who "issued a well-reasoned opinion finding ICE failed to comply with procedures"). Further, no evidence in the record indicates Petitioner

---

[3] Neither party has provided the Court with Petitioner's Order of Release on Recognizance or any documentation relating to the revocation of his release other than unsupported statements in Petitioner's Record of Deportable/Inadmissible Alien. *See* Doc. 11-4 at 2.

was re-arrested "under the original warrant," as required under § 1226(b). *Singh*, 2026 WL 1099500, at *3 (noting "there is no evidence that Petitioner was arrested pursuant to his original warrant of arrest" in finding Respondents violated their own regulations when revoking Petitioner's release (citation modified)) (R&R), *adopted*, 2026 WL 1483557, at *2 (adopting the R&R because Respondents waived de novo review of this issue but agreeing with the Magistrate Judge who "issued a well-reasoned opinion finding ICE failed to comply with procedures").

The undersigned is not persuaded by Respondents' argument that Petitioner failed to exhaust his administrative remedies by failing to appeal his denial of bond to the Board of Immigration. Here, Petitioner is not appealing the IJ's denial of bond but rather alleging ICE failed to properly revoke his release on recognizance under § 1226(a). The undersigned is similarly not persuaded by Respondents' argument that ICE's violation of its own regulations resulting in Petitioner's re-detention without proper process is harmless error. *Accord Nguyen v. Dep't of Homeland Sec.,* No. CIV-26-87-R, 2026 WL 1506428, at *7 (W.D. Okla. May 29, 2026) (finding respondents' violation of a different regulatory provision was not harmless error).[4] Accordingly, the Court should find Petitioner's re-detention violated ICE regulations.

---

[4] The undersigned agrees with Respondents that Petitioner's reliance on 8 C.F.R. § 241.13 for the proposition that he was entitled to a Notice of Revocation of Release is misplaced, as § 241.13 is inapplicable to Petitioner. *See* Resp. at 29. However, as already stated, Respondents violated § 236.1(c) by improperly revoking Petitioner's release under that regulation.

**D.  The most Petitioner is entitled to is a bond hearing, but such a hearing already occurred.[5]**

Petitioner does not request a bond hearing and instead asks the Court to "issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately." Pet. at 7 (citation modified). Consistent with this Court's approach in previous cases, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a).[6] *See Karimov v. Cerna*, No. CIV-26-

---

[5] Magistrate Judges in this District, including the undersigned, have previously recommended the Court order the government to bear the burden at a bond hearing to establish a petitioner's risk of flight or danger when granting habeas relief to similarly situated petitioners when (1) their re-detention violates due process and (2) they raise such a claim and specifically request burden shifting. However, Judges in this District, including this Court, have declined to order burden shifting. *See Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified); *see also, e.g., Singh v. Mullin*, No. CIV-26-712-HE, Order, Doc. 13 at 2-7 (W.D. Okla. June 18, 2026) (analyzing the *Mathews* factors and concluding "petitioner is not entitled, as a matter of Fifth Amendment Due Process, to a hearing at which the burden of proof is on the government"); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (declining "to place the burden on the government to justify Petitioner's detention pending removal proceedings"); *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Accordingly, the undersigned does not recommend burden shifting in this case.

[6] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures. *See, e.g., Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1-2 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly

304-R, 2026 WL 950130, at \*1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))). As this Court has acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Id.* (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified).

However, Petitioner has already received a bond hearing, and this Court cannot review the discretionary determination of the IJ. The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community. 8 C.F.R. § 236.1(c). As already discussed, § 1226(e)

---

revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified). However, here Petitioner fails to allege or prove he was previously ordered released pursuant to § 1226(a) by an *immigration judge* rather than at the discretion of an ICE or customs agent. Accordingly, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at \*2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority"). Therefore, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

"strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt,* No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

The IJ's bond determination order states that after full consideration of the evidence presented, the IJ found Petitioner "did not establish [he is] not a danger to the community." Doc. 11-5 at 1. As in *Kumar*, "Petitioner does not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof." 2026 WL 753944, at *2. Thus, "he has not shown that the decision was somehow legally erroneous or unconstitutional." *Id.*[7] Accordingly, "the Court lacks

---

[7] Section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (citation modified); *see also Kumar*, 2026 WL 753944, at *2 (noting petitioner's arguments about the potential adequacy of the bond hearing, such as the denial of an opportunity to present evidence or the IJ's application of an improper burden of proof, were too undeveloped to warrant habeas relief); *Perez*, 2026 WL 597126, at *6 n.11 (noting petitioner did not allege the bond hearing was unconstitutional, such as

jurisdiction to reconsider the IJ's discretionary decision," *id*. (citation modified), to deny bond.

## V.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition for habeas relief.  The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 2, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 8, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 25th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

---

raising a claim about the "impropriety of burden allocation at the bond hearing"). However, at no time does Petitioner allege the bond hearing he already received was constitutionally deficient.  *See Kumar*, 2026 WL 753944, at *2; *Perez*, 2026 WL 597126, at *6 n.11; *see also Singh v. Blanche*, No. CIV-26-311-D, 2026 WL 915596, at *9 & n.9 (W.D. Okla. Apr. 3, 2026) (recommending denial of habeas relief to petitioner who had a prior bond hearing and "nowhere alleges [in his petition] that the IJ used the wrong burden of proof" or otherwise violated the law at the prior bond hearing) (R&R), *adopted*, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026).